UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00542-RJC-DSC

| | |
|---|---|
| JACQUELYN MARIE KENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| GARY L. HENDERSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Vacate Judgement [*sic*] (Rue 60(b)(1))." [Doc. 5].

Pro se Plaintiff Jacquelyn Marie Kent ("Plaintiff") filed this action, pursuant to 42 U.S.C. § 1983, on October 12, 2021 against Defendant Gary L. Henderson, identified as a judge in the District Court of Mecklenburg County. [Doc. 1]. Plaintiff alleged that Judge Henderson violated her constitutional rights in the way he handled and ruled on matters in a child custody and/or domestic civil action pending in Mecklenburg County District Court, Case No. 19-CVD-21968, wherein she is the named Defendant. [See id. at 2]. The Court granted Plaintiff's motion to proceed in forma pauperis and dismissed Plaintiff's Complaint on initial review under 28 U.S.C. § 1915(e) because Judge Henderson is immune from suit. [Doc. 3 at 3].

Plaintiff now moves the Court to vacate its previous Order under Federal Rule of Civil Procedure 60(b)(1), which allows the Court to relieve a party from a final judgment or order for mistake, inadvertence, surprise, or excusable neglect. See Fed. R. Civ. P. 60(b)(1). Although Plaintiff cites Rule 60(b)(1), she provides additional factual allegations related to her claim and seems to argue that the Court reached an improper legal conclusion in dismissing her case. [See

Doc. 5]. In short, Plaintiff argues that Judge Henderson was biased against her and made an improper ruling in her state child custody case in violation of her Fourteenth Amendment due process rights. [Id. at 2-3]. Plaintiff contends that Judge Henderson is not immune from suit because he violated 18 U.S.C. § 242 and "lack[ed] jurisdiction due to improper judicial acts." [Id. at 3]. Section 242 provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both….

28 U.S.C. § 242. This statute criminalizes the violation of civil rights on the basis of someone's alienage, color, or race. It is not implicated here. Plaintiff did not and has not alleged that Judge Henderson's purported biases resulted from her alienage, race, or color. Moreover, Plaintiff cannot present previously available facts in support of motions for relief from judgment under Rule 60(b) or motions to alter or amend judgment under Rule 59(e). To the extent Plaintiff intended to bring her motion under Rule 59(e), a district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. As such, the Court will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 5] is **DENIED**.

Signed: December 7, 2021

Robert J. Conrad, Jr.
United States District Judge